Argued January 11, reversed and remanded January 24, 1962

## SNEED v. SNEED

368 P. 2d 334

*Robert L. Olson,* Portland, argued the cause and submitted a brief for appellant.

No appearance for respondent William M. Sneed.

*Melville H. Geil,* Deputy District Attorney, argued the cause for Multnomah County. With him on the brief were Charles E. Raymond, District Attorney and Marian M. Huffman, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

An appeal from an order declaring the child of plaintiff and defendant to have been a dependent child and committing the child to the custody of the welfare department. The order directed the department to place the child with defendant for actual care.

On April 20, 1959, plaintiff, Beverly Sneed, now Norton, was awarded a default decree of divorce from defendant. The decree also awarded plaintiff custody of the infant son of the parties named Patrick. Although the decree awarded legal custody to plaintiff, the actual physical care and custody of the child had been with plaintiff's mother, Mrs. Lunn. Mrs. Lunn had cared for him ever since the child was born and until the time of the hearing in this case when the child was then about six years old. During a part of this time plaintiff lived in her mother's home and apparently shared some of the responsibility for the care of the child. The record shows that plaintiff did little, however, to actually care for the child. For most of the child's life plaintiff lived elsewhere and devoted little or no care to the child. For all that appears in this record Mrs. Lunn's care of the child was good. In November, 1959, plaintiff purportedly married one Norton.

On April 13, 1959, Mrs. Lunn had filed a petition with the juvenile court seeking to have the child adjudged a dependent child. Her reason for filing this petition was that plaintiff was so unstable that Mrs. Lunn was fearful she would attempt to remove the child from her home and that plaintiff was not capable of caring for the child. It appears from this petition that plaintiff did not then live at her mother's home. This dependency petition also named defendant as being responsible for lack of parental care of the

child. Defendant, a member of the United States Air Force, was then and at all times since then has been stationed at Riverside, California.

The dependency matter was referred to the welfare department for investigation. For reasons not clear in the file, the matter did not come on for hearing until November 18, 1960. At that time defendant Sneed appeared but plaintiff did not. She was represented by counsel. The court gave the matter some preliminary consideration at that hearing. At that time he entered a temporary order declaring the child to be a ward of the court. The same order consolidated the divorce case and the dependency hearing. ORS 419.559. However, at no time during the course of these proceedings did any one file a motion in the divorce case to ask for a change of custody. But nobody objected to the order of consolidation. Since there was no objection to the order of consolidation we will not consider if the court could consolidate two proceedings when there was nothing pending in the divorce case which invoked the court's attention. *Cutts v. Cutts,* decided November 8, 1961, 73 Adv Sh 615, 229 Or 33, 366 P2d 179.[1] The hearing was then continued until January 18, 1961.

On the latter date, plaintiff appeared and testified. So did her mother and other witnesses who described the kind of care plaintiff's mother, Mrs. Lunn, had given the child. Defendant had been excused from attendance at this hearing. The court did have before it a report from the welfare department at Riverside,

---

[1] We think it important to note that the procedural facts in Watson v. Watson, 1960, 221 Or 138, 350 P2d 694, were materially different than the procedural facts in both this and in the Cutts case. The issues in a dependency hearing, as here, may be quite different than those in a custody hearing between two parents.

California, in respect to defendant's home, his then wife, and their ability to care for the child. Based upon this evidence, the court entered an order on January 26, 1961, which found that the child was subject to the jurisdiction of the juvenile court because of lack of parental care. The order declared the child to be a ward of the court. The order also recited: "On Patrick Sneed: temporary commitment to welfare for placement in father's home under supervision of Welfare Department in Riverside, California." An identical order was entered in the circuit court file of the divorce proceedings. It is from this order that this appeal was taken. The notice of appeal recites that the appeal was taken from the order as it was entered in both the divorce and juvenile proceedings.

Although this order was entered in the divorce proceedings, it can only be sustained if the evidence supported the finding that the child was dependent and should be made a ward of the court. The statute, as amended in 1959, which provides the only means by which the juvenile court can obtain jurisdiction is ORS 419.476 (1). It reads:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city; or

"(b) Who is beyond the control of his parents or other person having his custody; or

"(c) Whose behavior or condition is such as to endanger his own welfare or the welfare of others; or

"(d) Whose parents or other person having his custody have abandoned him, failed to provide him

with the support or education required by law, subjected him to cruelty or depravity or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or

"(e) Who has run away from his home."

This court held in *Belmont v. Black,* 1959, 218 Or 514, 346 P2d 367, and again in *Cutts v. Cutts,* supra, 73 Adv Sh 622, that the court cannot assume jurisdiction of a child, pursuant to the above statute, unless the person having the actual physical custody of the child, even though a stranger to the child, has neglected the child. In this case the only evidence, in a rather meager record, would show that Mrs. Lunn had given the child good care. The evidence did not warrant a finding that the attention the child had received was inadequate. Granted the evidence would support a finding that plaintiff-mother was deficient in her attention to the child. But plaintiff did not have the physical care and custody. The only possible basis upon which the order could have been sustained was that if the child remained with Mrs. Lunn then plaintiff might have been able to interfere with or deprive Mrs. Lunn of the custody of the child. And the plaintiff's situation, as revealed by the record, would not justify the court permitting plaintiff to have the sole responsibility for the child. However, an appropriate order of the court could have circumvented that possibility.

It is enough to say that the statute does not justify declaring a child to be dependent and made a ward of the court when the actual care the child is receiving is adequate and proper.

It has now been more than a year since the evidence in this case was taken. That evidence would convince

this court that Mrs. Lunn was the only person involved in this proceeding who had really been concerned with this child's welfare at all times since its birth. Plaintiff had literally abandoned the child for some periods of time. Defendant had originally denied paternity of the child and had ignored the child's existence until not long before the hearing in question was held. He did demonstrate sufficient interest to appear at the one hearing and bring with him his wife. There was evidence that his life may be stabilized and that he would give the child responsible care. The record contains strong assertions by both plaintiff and defendant of future resolution to properly care for the child. The record of conduct prior to the hearings casts doubt upon the longevity of those resolutions.

We hold the order of dependency was not justified. Unless other or different evidence is now available to sustain the court's jurisdiction in the dependency proceedings, the petition should be dismissed. The record, for the reasons stated, does not provide this court with sufficient current facts to warrant further exercise of judgment on our part. The case is remanded for the court to permit such additional pleading and to take such further evidence as the court may think necessary to enable it to best secure the welfare of this child.

On March 21, 1961, this court entered an order to stay the execution of the trial court's order until this appeal was decided. That order should remain in effect until the trial court enters such other or further order as may be necessary in the circumstances.

Reversed and remanded.