Submitted May 17, reversed and remanded June 3, 1966

# MEDINA *v.* MEDINA
### 415 P. 2d 169

P. J. Washburn, and Horn, Slocum & Washburn, Roseburg, for appellant.

No appearance for respondent.

McALLISTER, C. J.

This is an appeal by the defendant, Luis Medina, from an order denying his motion to grant him custody of the two children of the parties.

The plaintiff and defendant were married in 1950, and two children, Luis Arthur, now 14, and Kathy Jane, now 13, were born as the issue of the marriage. On March 25, 1955, the plaintiff and defendant were divorced by a default decree entered in the circuit court for Douglas county. The decree granted the plaintiff a divorce, custody of both children, and required defendant to pay $50 per month for the support of each child.

The plaintiff was only 14 years old at the time of her marriage, had little education, and no training to aid her in earning a living for herself and her children. For at least five years or so after the divorce, defendant contributed nothing to the support of his children. For some months after her divorce plaintiff and her two children lived with plaintiff's parents, who resided in Douglas county. Plaintiff then left her boy, Luis, with her parents and went to Bellingham, Washington, where she and Kathy lived with plaintiff's aunt. After about five years, plaintiff left Kathy with her aunt and returned to live again with her parents at Winston, in Douglas county. In 1960 plaintiff remarried and for about five years lived with her husband at Riddle, a few miles from the home of her parents. Plaintiff and her husband are

now living in North Bend, where he is employed in a lumber mill.

The father, who now lives in Jackson county, has married a woman who has three children by a former marriage and has borne two children by the defendant, all of whom are supported by the defendant. Since about 1961 defendant has contributed toward the support of his son, but only after he was forced to do so by punitive measures instituted by plaintiff.

It is conceded that the grandparents provided a good home for Luis, who is happy there and does not want to live with his father. He may live with his mother after he finishes the eighth grade, but no definite arrangement has been made.

Plaintiff's aunt, who took care of Kathy until the aunt's death in 1965, was devoted to Kathy and apparently gave the child the best of care. Kathy is now living with her mother in North Bend, and testified that she wanted to live with her mother and did not want to live with her father, whom she had seen only once or twice since she was an infant.

■ Plaintiff was censured for failing to take her children into her own home after her remarriage, but the meager record does not disclose whether such censure was justified. It does appear that for the first few years plaintiff's second marriage was somewhat turbulent, although plaintiff testified that she and her husband have now adjusted their marital problems and are happy together. Plaintiff further testified that her aunt did not want to give up Kathy, and that plaintiff did not want to hurt her aunt by taking Kathy from her. It is clear that the boy, Luis, was happy with his grandparents, who also had a boy of their own about the same age as Luis. We think plaintiff's

failure to insist on having her children with her is not determinative in this case. No criticism whatever was offered of the care given Luis by his grandparents, or of the care given Kathy by her aunt, or of plaintiff as a fit and proper person to have custody of her children.

██ The court found that a transfer of custody to the defendant would not be in the best interests of the children, and with that finding we are in full accord. Based on that finding, the court should have terminated the proceeding by an order denying defendant's motion. Instead, for some reason which does not clearly appear, the court entered an order awarding the care, custody and control of both children to the Douglas County Juvenile Department to "exercise its authority as in its discretion appears to be for the best interest of the aforementioned children in their relationship and association with their parents."

█ We think this order is erroneous and should be reversed. The jurisdiction of the Juvenile court can only be invoked if the children are of the class defined in ORS 419.476(1). There is no pleading or evidence in this case to support jurisdiction of the Juvenile court over the Medina children. *Logsdon v. State and Dell*, 234 Or 66, 380 P2d 111 (1963); *Sneed v. Sneed*, 230 Or 13, 16, 368 P2d 334 (1962); *Cutts v. Cutts*, 229 Or 33, 42, 366 P2d 179 (1961); *Belmont v. Black*, 218 Or 514, 520, 522, 346 P2d 367 (1959).

The order entered below is reversed with directions to enter an order denying defendant's motion.