Argued January 22, appeal dismissed February 19, 1974

IN THE MATTER OF ALLEN, ALETHA RONETT,
A MINOR CHILD

STATE EX REL. JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY ET AL, *Respondents,*
*v.* HAYES ET UX (No. 47,434), *Appellants.*
519 P2d 104

*Gary M. Bullock,* Portland, argued the cause for appellant. With him on the brief was Dan F. LaRue, Portland.

*Harvey W. Keller,* Portland, argued the cause for respondent-child. With him on the brief was Ira L. Gottlieb, Portland.

No appearance for respondent Juvenile Department of Multnomah County.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is an attempted appeal by the grandparents of Aletha Ronett Allen, a minor, born January 17, 1970, from an order of the juvenile court for Multnomah County, dated June 11, 1973, terminating the parental rights of the natural father and permanently committing the child to Children's Services Division for possible adoptive placement.

The initial question for determination is whether the appellants, grandparents, have standing to appeal from the order referred to.

The child was born out of wedlock to Ronald Allen and Janice Hayes. After birth the mother and child lived generally with the maternal grandparents, Frederick Hayes and Evelyn Hayes, appellants herein, until July 19, 1972, when the child was placed in shelter care. At that time, because of physical contention between the mother and grandmother relative to the

physical custody of the child, a petition requesting the juvenile court to take jurisdiction of the child was filed. Pursuant thereto, a hearing was held and the child was, on September 6, 1972, made a ward of the court with temporary custody given to Children's Services Division for care, placement and supervision. On February 26, 1973, the mother committed suicide. The child was residing at that time with the maternal grandparents and custody was resumed by Children's Services Division in March 1973.

A petition seeking termination of the parental rights of the father was filed on May 3, 1973, and pursuant to evidence of his release and surrender introduced at the May 31, 1973, hearing, his rights to the child were terminated. The court then proceeded to hear evidence to assist it in the placement of the child. The grandparents requested placement of the child in their home with them and their 25-year-old daughter of subnormal intelligence, but the court found that the grandparents were unacceptable as custodians for the child and the court permanently placed the child with Children's Services Division for possible adoption.

The objection raising the issue of lack of standing of the grandparents was originally voiced by attorney for the minor at the May 31, 1973, hearing, and the juvenile court there informally ruled that the grandparents had no standing to make any legal claim for custody. A motion to dismiss the grandparents' appeal on the same basis was filed in this court. The motion was denied preliminarily, with leave to raise the issue again in the briefs and on oral argument. This was done and we address ourselves to the issue of the standing of the grandparents to appeal.

ORS 419.561 provides for appeals from the juvenile court's final orders.[1] It provides:

> "(1) Any person whose right or duties are adversely affected by a final order of the juvenile court may appeal therefrom. * * *
>
> "* * * * *"

The "person" who can appeal must be one "whose right or duties are adversely affected" by the order. Appellants contend that because they were served with summons in the case they are persons whose rights could be adversely affected by the court's final order. The summons which was served upon them gave them notice of the termination proceeding and the opportunity to appear as witnesses therein. No provision is made in the statute for service upon the grandparents in a termination of parentage proceeding. ORS 419.486 (3) provides that "[t]he summons shall require the * * * persons who have physical custody of the child to appear personally and bring the child before the court * * *." The grandparents did not have the physical custody of the child. ORS 419.486 (4) provides for service of summons upon the "child's only living parent * * * or guardian * * *."[2] Service was had upon the only living parent, the father Ronald Allen, and there is no suggestion that any guardian had been

---

[1] "* * * The right to appeal is statutory and subject to any limitation imposed by the statute conferring the right. [Citing cases.]" Logsdon v. State and Dell, 234 Or 66, 70, 380 P2d 111 (1963).

[2] ORS 419.486 (4) provides:

"If the child is not in the physical custody of both parents, or the child's only living parent, or, if both parents are dead, the child's guardian, then summons shall also be issued to the parent or parents or guardian as the case may be, notifying him or them that he or they may appear personally before the court * * * to the end that both parents or the guardian, or both, may be brought before the court."

appointed. It thus appears from the statute that service of summons upon the grandparents was not, in fact, required.

■ The order and disposition appealed from found that the allegations of the petition were true, terminated the parental rights of the putative father and found that the child was without parental care. The appellants, maternal grandparents, appeared as witnesses at the hearing. They did not attempt to intervene, ORS 13.130,[3] and were not persons whose "right[s] or duties" were adversely affected by the order and disposition[4] in the termination of parentage proceeding. We find, therefore, that they did not have standing to appeal.

Appeal dismissed.

---

[3] We do not intend to suggest that there is any authorization for grandparents to intervene in a proceeding for termination of parental rights. That issue is not before us.

ORS 13.130 provides:

"At any time before trial any person who has an interest in the matter in litigation may, by leave of court, intervene. Intervention takes place when a third person is permitted to become a party to a suit, action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant. Intervention is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it within 10 days from the service thereof, if served within the county wherein the suit, action or proceeding is pending, or within 20 days if served elsewhere."

[4] The trial court impliedly suggested in colloquy with counsel during the proceeding for termination of parental rights that if the matter were before the court on a petition for adoption by the grandparents they would have standing to appeal an adverse final order of the juvenile court but pointed out that this was not such a proceeding.