Argued and submitted July 15, reversed September 18, reconsideration denied November 1, 1985, petition for review denied January 22, 1985 (300 Or 477)

## STATE OF OREGON,
*Plaintiff,*

*v.*

## JONATHAN C. BORETZ,
*Defendant.*

## STATE ex rel BORETZ,
*Respondent,*

*v.*

## LANEY,
*Appellant.*

### (DA 246393; CA A34072)

706 P2d 559

Martin W. Reeves, Portland, argued the cause and filed the brief for appellant.

Dave Frohnmayer, Attorney General, and Thomas H. Denney, Assistant Attorney General, Salem, waived appearance for respondent State of Oregon.

Stephen A. Houze, Portland, argued the cause for

respondent Jonathan Craig Boretz. With him on the brief was Birkland, Koch & Houze, Portland.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In November, 1982, Jonathan Boretz assaulted Sally Laney and caused her serious injuries. Bortez was charged with assault in the fourth degree. ORS 163.160. The parties, who are parents of a minor child, entered into a civil compromise agreement that incorporated a settlement agreement. The settlement agreement provided that Boretz would pay Laney $30,000 over a period of time, move to dismiss the custody proceeding which was then pending in Multnomah County Circuit Court and agree to a modification of the order concerning his visitation rights. Under the agreement, Laney consented to dismissal of the assault charge, released Boretz from any future liability and agreed to the modification of the visitation order. Both parties agreed to refrain from any contact with each other. The court granted Boretz's motion to dismiss the assault charge on the basis of the civil compromise. Subsequently, Laney twice violated the settlement agreement by contacting Boretz to discuss visitation with their child, and she was cited for contempt in each instance. She was sentenced to 90 days in the county jail on the second "contempt" charge. She appeals.

██ Among her contentions is that the district court did not have jurisdiction to enforce the settlement agreement by holding her in contempt for violating it. We agree. The district court has only the jurisdiction expressly conferred on it by statute. *Salitan et al v. Dashney et al,* 219 Or 553, 556, 347 P2d 974 (1959). The court had jurisdiction over this matter when it was an assault prosecution. ORS 46.040. However, it was without jurisdiction to supervise or enforce a settlement agreement, even if it was the basis of the compromise that brought about the dismissal of the criminal charge. It is well settled that jurisdiction of subject matter cannot be conferred by stipulation. *Logsdon v. State and Dell,* 234 Or 66, 71, 380 P2d 111 (1963); *see also Mangus v. Progress Quarries, Inc.,* 290 Or 377, 379, 622 P2d 319 (1981). When the criminal case ended, so did the court's jurisdiction.

Reversed.