Argued and submitted March 31, affirmed May 19, 1993

STATE OF OREGON,
*Appellant,*

*v.*

DARREN LEE KILBORN,
*Respondent.*

(92-16; CA A74522)

852 P2d 935

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David K. Allen, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals the probationary sentence imposed under sentencing guidelines grid block 7-H after defendant pled guilty to sexual abuse in the second degree. ORS 163.425. We conclude that we may not review the claim of error and affirm.

In *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), the Supreme Court held that ORS 138.222 precludes appellate review of a sentence resulting from a plea agreement. In *State v. Johnston*, 120 Or App 165, 851 P2d 1156 (1993), we determined that "resulting from" includes an agreement that did not include an agreed-upon term of incarceration, but in which the defendant agreed that the state would make a recommendation on the length of incarceration. This case presents a third type of agreement, in which a defendant agrees to plead guilty and the state agrees to remain silent as to the term of incarceration.

At oral argument, we asked the parties to address whether we could review the state's claim of error. Both parties argue that we should reach the error here. The state argues that the sentence imposed was not part of the plea agreement or the state's bargain. We view the agreement differently. Defendant's "Petition to Enter Plea of Guilty" recites that he will plead guilty and "the District Attorney shall make no recommendations to the Courts concerning my sentence except as follows — dismissed charges in Case 91-1490." As we noted in *State v. Johnston, supra,* 120 Or App at 168, part of the exchange for the defendant's guilty plea included the recommendation that the state would make as to incarceration. The same is true here as to the state's silence as to the term of incarceration. That silence was part of the bargain.

Defendant acknowledges that

> "all sentences imposed following a plea 'result' from the agreement between the parties that a plea should be entered. The plea produces the conviction, which leads to the sentence; the latter is the 'result' of the former."

However, he urges us to construe ORS 138.222(2)(d) to preclude review of only an agreed upon sentence, because, as

he recognizes, otherwise, *"any* sentence would be unreviewable if the defendant pled guilty, despite the provision in ORS 138.222(4) * * *." (Emphasis in original.) As defendant notes, that result follows because the Supreme Court rejected the argument that ORS 138.222(4) is an exception to all the limitations on review set out in ORS 138.222(2):

"The exception is stated in paragraph (e) of [ORS 138.222(2)] and not in the introductory portion of subsection (2). The working of the statute clearly demonstrates that ORS 138.222(3) and (4) are exceptions only to ORS 138.222(2)(e)." *State v. Adams, supra,* 315 Or at 365.

Defendant's position is that the legislative history does not suggest that the legislature wanted to insulate the vast majority of sentences from appellate review and that there is "considerable indication" that the legislature intended the contrary. Defendant does not cite specific legislative history. However, as we noted in *State v. Johnston, supra,* 120 Or App at 171, the statement of Senator Springer clearly shows that the legislature recognized that as many as "85 percent" of felony charges were settled by plea negotiations and that the appellate review statutes had been drafted in the light of that fact and with a conscious effort not to increase appellate case loads.

We do not quarrel with the result that defendant articulates as the consequence of limited appellate review. However, whether that result should change must be determined by the legislature.

Affirmed.