Argued and submitted April 28, affirmed June 16, reconsideration denied September 15, petition for review denied November 30, 1993 (318 Or 98)

## STATE OF OREGON,
*Respondent,*

*v.*

## GEORGE SCOTT TANNER,
*Appellant.*

(90C-21505, 90C-21506, 90C-21507;
CA A74936 (Control), A74937, A74938)
(Cases Consolidated)

854 P2d 941

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant was convicted of three counts of burglary in the first degree. ORS 164.225. He appeals from the consecutive sentences imposed and the sentencing court's determination of the length of his sentences using a criminal history score of "E" and not "I," in violation of OAR 253-12-020(2)(a)(b). We conclude that we lack authority to review the claim of error and affirm.

Through negotiations with the state, defendant agreed to a stipulated facts trial on the three counts of burglary in the first degree, and the state agreed not to indict defendant on other uncharged burglaries. As part of the agreement, defendant also agreed to admit liability for both the charged and uncharged burglaries at sentencing for purposes of setting restitution. There were no other sentencing recommendations in the plea agreement.

In *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), the Supreme Court held that ORS 138.222(2)(d) precludes appellate review of a sentence resulting from a plea agreement. We have since held, based on *Adams*, that when a defendant and the state agree that the defendant will plead guilty and that the state will make a recommendation as to the length of incarceration, the sentence "results from" the plea agreement, and ORS 138.222(2)(d) precludes our review of the sentence. *State v. Johnston*, 120 Or App 165, 851 P2d 1156 (1993). We have also held that when the state and a defendant agree that the defendant will plead guilty and the state will make no recommendation as to the length of the sentence, the sentence also "results from" the plea agreement, and we are precluded from reviewing the sentence. *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993).

This case presents yet another form of a plea agreement. Here, in exchange for the state's agreement not to indict defendant on other uncharged burglaries, he agreed to the stipulated facts trial and agreed to admit to liability for the charged and uncharged burglaries at sentencing for purposes of setting restitution. Following the reasoning of *State v. Adams, supra, State v. Johnston, supra,* and *State v. Kilborn, supra,* defendant's sentence "resulted from" the

negotiated agreement with the state, and we are precluded from reviewing it under ORS 138.222(2)(d).

    Affirmed.