Argued and submitted May 28, affirmed July 14, 1993

STATE OF OREGON,
*Respondent,*

*v.*

MAURICE LAVELL SMITH,
*Appellant.*

(C 91-09-34615; CA A73865)

856 P2d 321

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to rape in the first degree, ORS 163.375, and burglary in the first degree, ORS 164.225, pursuant to an agreement in which the state dismissed eight remaining counts. He assigns error to the court's imposition of 60 months post-prison supervision on each conviction. The state concedes that the trial court erred. However, we may not accept the concession, because we may not review defendant's claim of sentencing error. ORS 138.222(2)(d); *State v. Adams*, 315 Or 359, 847 P2d 397 (1993); *State v. Woods*, 121 Or App 661, 856 P2d 321 (1993); *State v. Tanner*, 121 Or App 104, 854 P2d 941 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993); *State v. Johnston* 120 Or App 165, 851 P2d 1156 (1993).

Defendant also assigns error to the court's order that a blood sample be drawn for the purpose of DNA profiling. ORS 137.076. He contends that the statute is unconstitutional. The state argues that defendant failed to preserve the error. However, defendant pled guilty. Our review is limited to claims that the disposition is unconstitutionally cruel and unusual or exceeds the maximum allowed by law. ORS 138.050. Defendant's assignment of error makes neither contention.

Affirmed.