Argued and submitted May 28, affirmed August 4, 1993

# STATE OF OREGON,
*Appellant,*

*v.*

# GILBERT JOHN GARCIA,
*Respondent.*

(92CR0909; CA A76292)

857 P2d 207

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals the 24-month term of imprisonment imposed for defendant's conviction of unlawful use of a weapon, a firearm. ORS 166.220. It argues that the court erred in failing to impose a five-year gun-minimum prison term under ORS 161.610. We determine that we may not review the claim of error and affirm.

Defendant was convicted in a stipulated facts trial. Before trial, the court entered into a colloquy with defendant, beginning by stating the court's understanding that there had been a plea agreement on an amended indictment. The state acknowledged that it had agreed to dismiss two counts. The court then explained to defendant that, by agreeing to a stipulated facts trial, he was giving up his right to a jury, to confront witnesses and any right to testify if he should choose to do so. The court then explained sentencing options, including the possibility of a five-year term of imprisonment, because the crime had been committed with a firearm.

Under ORS 138.222(2)(d) and *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), we may not review a sentence that has resulted from a plea agreement approved by the court. *See also State v. Johnston*, 120 Or App 165, 851 P2d 1156 (1993); *State v. Kilborn*, 120 Or App 462, 852 P2d 935 (1993). We have also held that that limit on reviewability applies to an agreement to a stipulated facts trial. *State v. Tanner*, 121 Or App 104, 854 P2d 941 (1993).

The state agrees that ORS 138.222(2)(d) is not restricted to agreements that stipulate a sentence. It contends, however, that the statute should be read as requiring the agreement to have "some relationship" to the sentence, and should not apply here when there was *no* agreement as to sentence. However, as we have previously discussed, there is an inevitable relationship between an agreement and sentence, *see State v. Kilborn, supra*, and, in enacting ORS 138.222(2)(d), the legislature did not distinguish between types of agreements. Its only requirement is that the sentencing court approve agreements. In the light of the legislative history that shows that the legislature recognized the large percentage of cases that are disposed of by plea agreements and its intention to preclude review of those cases, *see State v.*

*Johnston, supra,* we conclude that the legislature did not intend the distinction urged by the state.

Affirmed.