Argued and submitted July 27, 1994, affirmed February 1, petition for review denied March 28, 1995 (320 Or 749)

## STATE OF OREGON,
*Respondent,*

*v.*

## TAMARA MARIE UPTON,
*Appellant.*

(90CR1969FE; CA A72524)

889 P2d 376

Stephen J. Williams, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Pursuant to plea negotiations, defendant pleaded guilty to aggravated murder. ORS 163.095. She now appeals and argues that her sentence exceeds the maximum allowable by law. We affirm.

Defendant was originally charged by information with seven counts, alleging activities that occurred in 1990. She entered into plea negotiations with the district attorney and those negotiations led to an agreement. The plea agreement, which the trial court approved on the record, provided in part:

> "I am stipulating to a life sentence without the possibility of release or parole, as described in ORS 163.105(1)(b), reserving my right to appeal the constitutional issue whether life without parole is a legal sentence under Article I, Section 40, of the Constitution of the State of Oregon."

Defendant argues on appeal that a "life sentence without the possibility of parole" for aggravated murder violates Article I, section 40, of the Oregon Constitution.[1] The state argues that we cannot review defendant's claim of error.

"The right to appeal is statutory and subject to any limitations imposed by the statute conferring that right." *State v. Adams*, 315 Or 359, 364, 847 P2d 397 (1993); *Logsdon v. State and Dell*, 234 Or 66, 70, 380 P2d 111 (1963). Here, defendant asserts that we may review her assignment of error under ORS 138.050, which provides:

> "(1)  A defendant who has pleaded guilty or no contest may only take an appeal from a judgment or order described in ORS 138.053 where the disposition:
>
> "(a)  Exceeds the maximum allowable by law; or
>
> "(b)  Is unconstitutionally cruel and unusual."

---

[1] Article I, section 40, provides:

"Notwithstanding sections 15 and 16 of this Article [regarding reformation as the basis of criminal law and cruel and unusual punishments], the penalty for aggravated murder as defined by law shall be death upon unanimous affirmative jury findings as provided by law and otherwise shall be life imprisonment with minimum sentence as provided by law."

However, ORS 138.222, as amended by the 1993 legislature, provides:

"(1) *Notwithstanding the provisions of ORS 138.040 and ORS 138.050*, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided in this section.

"(2) On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, *the appellate court shall not review*:

"* * * * *

"(d) *Any sentence resulting from a stipulated sentencing agreement between the state and the defendant* which the sentencing court approves on the record." (Emphasis supplied.)

The Supreme Court, in *State v. Kephart*, 320 Or 433, 887 P2d 774 (1994), construed the amended version of ORS 138.222(2)(d) and held that it "allow[s] review of sentences unless they [are] 'stipulated sentences' as illustrated in ORS 135.407." 320 Or at 447. Therefore, we must examine the plea agreement here to determine if it results in a "stipulated sentence" such that review is precluded by ORS 138.222-(2)(d). To do that, we must determine whether a plea agreement that is not pursuant to ORS 135.407 can qualify as a "stipulated sentencing agreement."

In *Kephart*, the Supreme Court examined the text and context, as well as the legislative history, of the amended version of ORS 135.222 to determine what the legislature meant by a "stipulated sentencing agreement."

The court asserted that it could "discern from the text [of ORS 138.222(2)(d)] that [a stipulated sentencing] agreement must at least define sentencing parameters, *if not the actual sentence to be imposed*." 320 Or at 441. (Emphasis supplied.) The court then considered the context of ORS 138.222(2)(d) and examined ORS 135.407. It held that the possible stipulations envisioned by ORS 135.407 "should be included within the new class of 'stipulated sentencing agreements.' " 320 Or at 442. However, the court also noted that the text and context did not make the legislative intent clear and that the ORS 135.407 stipulations "may merely be

illustrative of the class, rather than the entire class." 320 Or at 442.

Turning to the legislative history, the Supreme Court discerned that the 1993 amendment to ORS 138.222(2)(d), which introduced the "stipulated sentencing agreement" language, was intended to preserve the result in *State v. Adams, supra,* while reversing the result in *State v. Kilborn,* 120 Or App 462, 852 P2d 935 (1993), and a line of cases including *State v. Tanner,* 121 Or App 104, 854 P2d 941, *rev den* 318 Or 98 (1993), and *State v. Johnston,* 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). In *Adams,* the defendant agreed to a particular grid block for sentencing, as allowed by ORS 135.407(1). However, in *Kilborn,* the defendant and the district attorney did not have an "agreed upon sentence"; instead, the parties agreed that the prosecutor would stand silent at sentencing. The Supreme Court understood that the proponents

> "intended the amendment to permit appellate review of 'illegal' sentences, *unless the defendant agreed to that sentence ahead of time* as part of a 'stipulated sentencing agreement.' " 320 Or at 445. (Emphasis supplied.)

The Supreme Court found nothing in the legislative history that indicated that the legislature intended to "expand on the *kinds* of stipulated sentences specified in ORS 135.407," and held that ORS 138.222(2)(d) allows review of sentences "unless they [are] stipulated sentences *as illustrated* in ORS 135.407." *State v. Kephart, supra,* 320 Or at 447. (Emphasis supplied.)

■ If a plea agreement is pursuant to ORS 135.407, it results in a "stipulated sentencing agreement" and is unreviewable. However, in this case, we must determine whether any other agreements are of a kind "illustrated" by ORS 135.407. If the agreement only "tangentially relates" to sentencing, *State v. Tanner, supra,* or if the agreement only requires the prosecutor to remain silent at sentencing, *State v. Kilborn, supra,* or if the agreement is not followed by the sentencing judge, *State v. Johnston, supra,* then the sentence is not the result of a stipulated sentencing agreement and review is not prohibited. In this case, the agreement related to sentencing. It set the specific sentence to be imposed and the court imposed that sentence. It appears that this is the very

type of agreement contemplated by the legislature, which intended to prevent review of sentences where "the defendant agreed to that sentence ahead of time."

The only reason this agreement is not pursuant to ORS 135.407 is because the sentences for aggravated murder are set by statute. That led the State Sentencing Guidelines Board (Board) not to include this crime within its sentencing grid:

> "The offense of Aggravated Murder is not ranked in the Crime Seriousness Scale because the sentence is set by statute as death or mandatory life imprisonment." OAR 253-04-003.

If the Board *had* included aggravated murder within its sentencing grid, this agreement would fit squarely within either ORS 135.407(4) or (5) and would be unreviewable. We find it inconceivable that the legislature intended to allow review of this sentence simply because aggravated murder was not included within the sentencing grid. Accordingly, we hold that this sentence is a " 'stipulated sentence' as illustrated in ORS 135.407" and, therefore, unreviewable.

■ Defendant's purported reservation of the right to appeal does not alter the fact that this was an "agreed upon" sentence, and cannot confer the authority to review on us. *State v. Boretz*, 75 Or App 146, 148, 706 P2d 559, *rev den* 300 Or 477 (1985). Because we may not review her assignment of error, we affirm.

Affirmed.