Submitted February 24, remanded for imposition of revocation sanction
consistent with this opinion; otherwise affirmed May 20, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMIAH ANTOINE JOHNSON,
aka Jeremiah Antaiwan Johnson,
*Defendant-Appellant.*

Multnomah County Circuit Court
080733420; A153872

350 P3d 556

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment revoking his probation on his conviction for attempted second-degree assault and imposing a 48-month prison term and a 36-month term of post-prison supervision. He contends that the revocation sanction that the court imposed is unlawful because it exceeds the maximum indeterminate sentence that can be imposed for a conviction for attempted second-degree assault.[1] Defendant acknowledges that he did not preserve his claim of error but asks us to review it under ORAP 5.45(1) as plain error. We agree with defendant that the error is plain, exercise our discretion to correct the error, and remand for imposition of a probation-revocation sanction consistent with this opinion.

Defendant pleaded no contest to attempted first-degree robbery and attempted second-degree assault. The trial court imposed a 60-month prison sentence for the attempted-robbery conviction and a 60-month probationary sentence for the attempted-assault conviction. Four years later, after defendant had completed his prison sentence on the attempted-robbery conviction, the court revoked defendant's probation on the attempted-assault conviction and imposed a 48-month prison term and a 36-month term of post-prison supervision for the conviction.

Defendant appeals the judgment revoking his probation. He notes that attempted second-degree assault is a Class C felony and that the statutory maximum indeterminate sentence for a Class C felony is 60 months.[2] He contends, therefore, that the probation-revocation sanction that the court imposed—*viz.*, 84 months of combined incarceration and post-prison supervision—conflicts with OAR

---

[1] The court entered a judgment that revoked defendant's probation. As we recently explained in *State v. Patterson*, 269 Or App 226, 234-37, 344 P3d 497 (2015), a court imposes a revocation sanction when it revokes probation in circumstances such as those presented in this case; it does not impose sentence. Accordingly, we refer to the action that the court took as one in which it imposed a probation-revocation sanction, and we have reframed defendant's argument and the state's concession to reflect that understanding.

[2] *See* ORS 163.175(2) (second-degree assault is a Class B felony); ORS 161.405(2)(c) (attempt to commit a Class B felony is a Class C felony); ORS 161.605(3) (maximum indeterminate sentence for a Class C felony is 60 months).

213-005-0002(4), which provides that the duration of the combined terms of incarceration and post-prison supervision may not exceed the statutory maximum indeterminate sentence for the crime of conviction, here, attempted second-degree assault.[3] He concedes that he did not preserve his claim of error in the trial court but asks us to review it under ORAP 5.45(1) as plain error.

The state concedes that the trial court erred. However, the state questions whether ORS 138.053(1)(e) or any other statute gives us jurisdiction of defendant's appeal. The state notes that we have held in several recent cases that the imposition of a penalty on the revocation of probation constitutes the imposition of a sanction rather than a sentence. *See, e.g., State v. Patterson,* 269 Or App 226, 234-37, 344 P3d 497 (2015). The state reasons, therefore, that ORS 138.053(1)(e) does not give us jurisdiction of the appeal in a case such as this because the court imposed a sanction rather than a sentence when it revoked defendant's probation.

The problem with the state's argument is that it ignores the statute's text. ORS 138.053(1)(e) provides:

"(1)   A judgment * * * is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"* * * * *

"(e)   Imposition or execution of a sentence upon revocation of probation or sentence suspension."

By its terms, ORS 138.053(1)(e) includes among appealable judgments those in which a trial court imposes a "sentence upon revocation of probation." That is, for purposes of ORS 138.053, the legislature has referred to the disposition that occurs when a court revokes probation as a "sentence" rather than a "sanction." *See also* ORS 138.222(7)(b) (defendant

---

[3] OAR 213-005-0002(4) provides:

"The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

may appeal a "judgment of conviction based on the sentence for a felony" on showing of colorable claim of error if "[p]robation was revoked"). In other contexts, we have distinguished a probation-revocation sanction from a sentence. *See, e.g., Patterson*, 269 Or App at 234-37 (for purposes of determining whether sanctions on revocation of probation should be consecutive, court uses sentencing guidelines rules relating to probation rather than statute pertaining to consecutive sentences). However, in the context of *these* statutes, the imposition of a sanction under OAR 213-010-0002(2) on the revocation of probation constitutes the imposition of a sentence because, otherwise, the statutes would not give us jurisdiction of any probation-revocation judgment, which would render the purported grant of jurisdiction meaningless. We conclude, therefore, that ORS 138.053(1)(e) and ORS 138.222 give us jurisdiction of defendant's appeal.

We accept the state's concession that the 84-month sanction imposed by the trial court is plainly erroneous. *See State v. Donner*, 230 Or App 465, 469, 215 P3d 928 (2009) (trial court plainly erred in imposing a total sentence of 72 months on Class C felony). For the reasons stated in *Donner*, we exercise our discretion to correct the error in this case.

Remanded for imposition of revocation sanction consistent with this opinion; otherwise affirmed.