Submitted August 18, 2015, affirmed August 31, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RIANNA KAE ORCUTT,
*Defendant-Appellant.*

Josephine County Circuit Court
12CR0604, 12CR0667;
A155435 (Control), A155436

380 P3d 1105

Lindi L. Baker, Judge.

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the reply brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and De Muniz, Senior Judge.

**SERCOMBE, P. J.**

In January 2013, defendant received a downward departure sentence of probation as a result of her conviction for two counts of identity theft, ORS 165.800.[1] At that time, the statutory presumptive sentence for each of those convictions for a person with defendant's criminal history was 34 months in prison. ORS 137.717(1) (2012), *amended by* Or Laws 2013, ch 649, § 5. Shortly after the judgment of conviction, ORS 137.717(1) was amended to decrease the presumptive sentence for identity theft. Or Laws 2013, ch 649, § 5. The amendment to ORS 137.717(1) applies to "sentences imposed on or after August 1, 2013." *Id.* at § 6(1).

Defendant violated the terms of her probation. OAR 213-010-0002(2) provides, in this context, that "the sentence upon revocation [of probation] shall be a prison term up to the maximum presumptive prison term which could have been imposed initially[.]" In September 2013, defendant's probation was revoked. Defendant was sentenced to 34 months in prison plus a year term of post-prison supervision as a probation revocation sanction, the maximum presumptive sentence in effect at the time of the original sentencing.

Defendant appeals the lawfulness of that sentence. She contends that, because the probation revocation sentence was imposed after August 1, 2013, the court should have imposed a reduced presumptive sentence for identity theft (28 months in prison) under the amendments to ORS 137.717(1). The state responds that defendant is not entitled to the benefit of the amendments to ORS 137.717(1). On review for legal error, *State v. Thompson*, 257 Or App 336, 339, 306 P3d 731, *rev den*, 354 Or 390 (2013), we conclude that the trial court did not err in concluding that the amendments to ORS 137.717(1) do not apply to sentences imposed on revocation of probation and, accordingly, affirm.

Defendant was initially charged with five counts of identity theft, one count of unlawful entry into a motor

---

[1] Defendant also appeals from a judgment revoking her probation in another case, in which she was convicted of unlawful delivery of methamphetamine, ORS 475.890(2), and unlawful delivery of oxycodone, ORS 475.830(2). She raises no assignments of error related to that case.

vehicle, and one count of theft in the second degree. In exchange for defendant's guilty plea to two counts of identity theft, the state agreed to dismiss the remaining charges. Based on her criminal history, defendant was eligible to be sentenced as a repeat property offender, pursuant to ORS 137.717(1)(a) (2012), on the identity theft counts. A sentence under that statute would have resulted in a 34-month term of imprisonment for each conviction.[2] However, the parties stipulated to dispositional downward departure sentences of 36 months' probation on those charges. Defendant was convicted and, in accordance with that stipulation, sentenced to two concurrent, 36-month terms of probation. The judgment provided that the sentence was "pursuant to ORS 137.717."[3]

About 10 months later, defendant admitted that she had violated the terms of her probation and appeared in court for disposition on that violation. In the interim—after the imposition of defendant's probation sentence but before she stipulated to the probation violation—the legislature amended ORS 137.717(1). Or Laws 2013, ch 649, § 5. As relevant to this case, the amendment reduced the baseline presumptive sentence for identity theft from 24 to 18 months. *Id.* In light of her criminal history, had defendant been sentenced originally under the amended statute, she would have been subject to a presumptive sentence of 28 months (an 18-month baseline presumptive sentence and a 10-month enhancement)—six months shorter than the 34-month sentence that could have been imposed under ORS 137.717(1) (2012). The effective date provision in the 2013 legislation specified that the sentencing changes applied to "sentences

---

[2] ORS 137.717(1)(a) (2012) provided that the "presumptive sentence" for identity theft was 24 months if the person had certain qualifying prior convictions. ORS 137.717(1)(a)(A) - (C) (2012). Additionally, under ORS 137.717(3)(a) (2012), that presumptive sentence was increased by two months for each of the defendant's additional convictions meeting the qualifications of ORS 137.717(3)(a)(A), (B) (2012), up to a total enhancement of 12 months, ORS 137.717(3)(b) (2012). The parties do not dispute on appeal defendant's eligibility for a presumptive sentence under ORS 137.717(1) or that she had five additional qualifying prior convictions that enhanced her presumptive sentence by 10 months.

[3] *See State v. Denson*, 280 Or App 225, 233-35, 380 P3d 1170 (2016) (judgment of conviction under ORS 137.717 must refer to that statute for a resulting probation revocation sanction to be based thereon pursuant to ORS 137.545 and OAR 213-010-0002).

imposed on or after August 1, 2013." Or Laws 2013, ch 649, § 6.[4]

At the disposition hearing, defendant argued that she should benefit from the amendment to ORS 137.717(1) because it applied to "sentences imposed on or after August 1, 2013." According to defendant, the revocation sanction fell within the terms of that provision because it was a sentence that was being imposed after the date that the amendment became operative. In response, the state asserted that defendant was not entitled to benefit from the amended version of the statute, because "[s]entencing on this case happened on January 25, 2013" and "[w]e are not sentencing her on those underlying charges right now. We are sentencing her on her failure to comply with probation and the downward dispositional departure that she got back in January of this year." The trial court agreed with the state and entered a judgment revoking defendant's probation for both identity theft convictions and imposing concurrent 34-month terms of incarceration.

On appeal, the parties largely reiterate the arguments they made before the trial court.[5] Before turning to the merits of defendant's assignment of error, we briefly discuss the pertinent statutes and rules that apply to the imposition of probation revocation sanctions. Pursuant to ORS 137.545(5)(b), "[f]or defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed

---

[4] Oregon Laws 2013, chapter 649, section 6, provides:

"(1) The amendments to ORS 137.717 by section 5 of this 2013 Act apply to sentences imposed on or after August 1, 2013.

"(2) Notwithstanding subsection (1) of this section, the amendments to ORS 137.717 by section 5 of this 2013 Act do not apply to persons who were originally sentenced before August 1, 2013, and who are subsequently resentenced on or after August 1, 2013, as the result of an appellate decision or a post-conviction relief proceeding or for any other reason."

[5] The state also argues that the judgment imposing the probation revocation sanctions is not appealable, and we must therefore dismiss this appeal. However, we recently rejected that argument in *State v. Johnson*, 271 Or App 272, 274-75, 350 P3d 556 (2015) (holding that judgments imposing probation revocation sanctions are appealable under ORS 138.053(1)(e) and ORS 138.222(7)(b)). *See also State v. Lane*, 357 Or 619, 630, 355 P3d 914 (2015) (explaining that ORS 138.222(7)(b) "applies only to appeals of a judgment of conviction based on a 'sentence'" and that probation revocation sanctions are appealable "sentences" under that provision). Therefore, the state's appealability argument fails.

the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission." Under the circumstances of this case, the relevant "rules of the Oregon Criminal Justice Commission" for determining the appropriate probation revocation sanction are OAR 213-010-0002(2) and OAR 213-003-0001(16).

OAR 213-010-0002(2) provides that,

"[f]or those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term exceeds 12 months."

OAR 213-003-0001(16) in turn defines "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime seriousness ranking of the current crime of conviction and the offender's criminal history or a sentence designated as a presumptive sentence by statute." Because they are designated as such by statute, sentences provided in ORS 137.717 are "presumptive prison sentence[s]" for purposes of OAR 213-010-0002(2). *See* ORS 137.717(1)(a) (2012) ("When a court sentences a person convicted of * * * identity theft under ORS 165.800 * * *, *the presumptive sentence* is 24 months of incarceration * * *." (Emphasis added.)). *Cf. State v. Webster*, 280 Or App 217, 222-24, 380 P3d 1165 (2016) (sentencing court did not plainly err in construing OAR 213-010-0002(2) to refer to the statutorily presumptive sentence under ORS 137.717).

By its terms, OAR 213-010-0002(2) provides that the term of incarceration to be imposed on revocation of probation is "a prison term up to the maximum presumptive prison term" that could have been imposed at the time that a defendant was initially sentenced. That rule holds true even if a defendant might be subject to a lesser sentence under the circumstances and law in effect at the time of revocation of probation. *See State v. Anderson*, 243 Or App 222, 228-29, 253 P3d 1244, *rev den*, 350 Or 716 (2011) (concluding that, under OAR 213-010-0002 "the sentencing court is to impose

the sanction based on the grid block at the time of the initial sentence," even though the defendant's criminal history score was different at the time probation was revoked, because one of defendant's prior convictions was reversed after the initial sentencing proceeding). Accordingly, in this case, OAR 213-010-0002(2) allowed the trial court to impose up to the 34-month presumptive sentence provided by ORS 137.717 (2012), because it was the "maximum presumptive prison term which could have been imposed initially[.]"

Defendant does not dispute that she would have been subject to the 34-month presumptive sentence provided by ORS 137.717 (2012) if OAR 213-010-0002(2) applied. Instead, she argues that the rule does not apply in this case because the amendments to ORS 137.717 in Oregon Laws 2013, chapter 649, overrode OAR 213-010-0002(2) and limited the trial court to a 28-month presumptive sentence. According to defendant, that is so because the effective date provision to those amendments, Oregon Laws 2013, chapter 649, section 6(1), provides that the amendments apply to "sentences imposed on or after August 1, 2013." Defendant contends that the term of incarceration imposed on revocation of her probation in September 2013 was a "sentence[]" imposed" within the meaning of section 6(1). We disagree.

As noted, section 6 provides, as follows:

"(1)   The amendments to ORS 137.717 by section 5 of this 2013 Act apply to *sentences imposed* on or after August 1, 2013.

"(2)   Notwithstanding subsection (1) of this section, the amendments to ORS 137.717 by section 5 of this 2013 Act do not apply to persons who were originally sentenced before August 1, 2013, and who are subsequently resentenced on or after August 1, 2013, as the result of an appellate decision or a post-conviction relief proceeding or for any other reason."

(Emphasis added.) We determine whether the legislature intended the term "sentences imposed" in that statute to include terms of incarceration imposed on revocation of probation through an analysis of the text, context, and legislative history of the provision. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Here, it is self-evident from the text

and context of the provision that "sentences imposed" refers to sentences that result from the application of the "amendments to ORS 137.717" in the manner provided therein.

Put another way, it is plain that a "sentence[]imposed" is a sentence imposed according to the rules set out in amended ORS 137.717. Construing section 6(1) in the context of ORS 137.717 as a whole, we conclude that a "sentence[] imposed" under ORS 137.717 is a sentence *initially imposed upon conviction. See State v. Sauer*, 205 Or App 428, 431, 134 P3d 1050, *rev den*, 341 Or 141 (2006) ("[w]e do not read statutes in isolation" but, instead, consider them in context). First, ORS 137.717 prescribes rules that apply "when a court sentences a person convicted of" certain enumerated crimes, including identity theft. ORS 137.717(1). That phrasing in itself suggests that the sentencing rules provided in ORS 137.717 are those used to determine the appropriate sentence to be imposed upon a defendant's conviction of a denoted crime. Further, ORS 137.717(1)(a) and (b) provide that the court is to apply a particular "presumptive sentence" (either 24 or 18 months) if a defendant is convicted of an enumerated crime and has certain qualifying prior convictions. Additionally, the statute provides for an increase of the presumptive sentence in two-month increments for additional qualifying prior convictions, ORS 137.717(3),[6] and specifies circumstances in which the court may impose a downward departure sentence instead of the prescribed presumptive sentence, ORS 137.717(6).[7] Those

---

[6] ORS 137.717(3) provides:

"(a) A presumptive sentence described in subsection (1) of this section shall be increased by two months for each previous conviction the person has that:

"(A) Was for any of the crimes listed in subsection (1) or (2) of this section; and

"(B) Was not used as a predicate for the presumptive sentence described in subsection (1) of this section.

"(b) Previous convictions may not increase a presumptive sentence described in subsection (1) of this section by more than 12 months under this subsection."

[7] ORS 137.717(6) provides:

"The court shall sentence a person under this section to at least the presumptive sentence described in subsection (1) or (3) of this section, unless the parties stipulate otherwise or the court finds that:

considerations do not apply to a probation revocation sanction imposed under OAR 213-010-0002(2).

Section 6(2) reinforces the conclusion that section 6(1) applies only to the "sentences imposed" initially at the time of conviction. It provides that the amendments to ORS 137.717 do not apply to persons sentenced prior to August 1, 2013, under ORS 137.717 (2012) "who are subsequently resentenced on or after August 1, 2013, as the result of an appellate decision or a post-conviction relief proceeding or for any other reason."

Thus, we conclude that the legislature intended "sentences imposed" in section 6 to refer to sentences initially imposed upon conviction for the crimes listed in ORS 137.717(1) and not to sentences imposed on revocation of probation. Accordingly, OAR 213-010-0002(2) controlled the determination of the appropriate term of incarceration when defendant's probation was revoked, and, under that regulation, the maximum presumptive sentence "that could have been imposed initially" was the presumptive sentence under ORS 137.171 (2012). The trial court did not err in sentencing defendant to a term of 34 months' imprisonment.

Affirmed.

---

"(a) The person was not on probation, parole or post-prison supervision for a crime listed in subsection (1) of this section at the time of the commission of the current crime of conviction;

"(b) The person has not previously received a downward departure from a presumptive sentence for a crime listed in subsection (1) of this section;

"(c) The harm or loss caused by the crime is not greater than usual for that type of crime; and

"(d) In consideration of the nature of the offense and the harm to the victim, a downward departure will:

"(A) Increase public safety;

"(B) Enhance the likelihood that the person will be rehabilitated; and

"(C) Not unduly reduce the appropriate punishment."