Submitted August 27, 2015; motion to dismiss denied, affirmed
November 9, 2016, petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEFFANY CAMIL SILSBY,
*Defendant-Appellant.*

Marion County Circuit Court
11C40653; A154131

386 P3d 172

Peter Gartlan, Chief Defender, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

**LAGESEN, P. J.**

This appeal requires us to decide whether we have appellate jurisdiction and, if so, whether defendant's claim of sentencing error is subject to appellate review. The appeal arises from a judgment revoking defendant's probation and sentencing her to 80 months' incarceration. Defendant stipulated to that sentence in her plea agreement, but assigns error to it, contending that it is longer than the 25-26 month sentence authorized by the sentencing guidelines for a probation revocation sentence and that, notwithstanding her stipulation, the trial court lacked authority to impose it. In response, the state contends that ORS 138.222(7), which defendant invokes as our source of jurisdiction, does not confer appellate jurisdiction, requiring dismissal of this appeal. Alternatively, the state argues that, even if we have jurisdiction, ORS 138.222(2)(d) bars our review of defendant's sole claim of error. We conclude that we have jurisdiction over this appeal pursuant to ORS 138.222(7), but that ORS 138.222(2)(d) precludes review of defendant's sole assignment of error. Accordingly, we affirm.

The facts pertinent to our decision are primarily procedural and not disputed. Defendant was charged with three heroin-related felonies: unlawful delivery of heroin within 1,000 feet of a school, ORS 475.852 (Count 1); delivery of heroin, ORS 475.850 (Count 2); and possession of heroin, ORS 475.854 (Count 3). Before trial, the state gave notice that it intended to prove sentence enhancement facts at trial. However, the parties ultimately entered into a plea agreement under which defendant agreed to plead guilty to Count 1 in exchange for the state's agreement to dismiss Counts 2 and 3. The terms of that agreement required the parties to stipulate jointly to a recommended "downward dispositional sentence" of 36 months' probation which, if revoked, would result in defendant serving an upward durational departure sentence of 80 months' incarceration:

> "Defendant stipulates that, if probation is revoked, she shall be sentenced to an UPWARD DEPARTURE SENTENCE of eighty (80) months prison, with NO SB 936, with thirty-six (36) months Post Prison Supervision."

The trial court accepted defendant's plea and the parties' stipulated sentence, and entered a judgment of conviction on Count 1 that sentenced defendant to probation. That judgment includes defendant's stipulation to the 80-month sentence upon revocation of probation:

> "IT IS FURTHER ORDERED AND ADJUDGED that: The defendant stipulates that if this probation is revoked, she SHALL be sentenced to an upward departure sentence of 80 months prison with no 936 and 36 months post-prison supervision."

Defendant was not successful in complying with the terms of her probation, and the trial court thus revoked it. Notwithstanding her stipulation, defendant argued that the trial court could not impose the 80-month sentence because that sentence exceeded the presumptive maximum sentence under the guidelines for a probation revocation sentence under the circumstances of this case. The trial court rejected that argument, imposed the 80-month sentence to which defendant had stipulated, and defendant now appeals the court's probation revocation judgment.

On appeal, defendant's sole claim of error is that the trial court erred by imposing the 80-month sentence to which she had stipulated because, in her view, it exceeds the maximum sentence that would be authorized under the sentencing guidelines. As for her stipulation, defendant contends that, as a matter of law, a trial court lacks authority to impose a sentence that exceeds what would be authorized under applicable guidelines or statutes, even if a defendant agrees to the sentence. As noted, the state contends that ORS 138.222(7) bars our exercise of jurisdiction over this appeal altogether or, alternatively, that ORS 138.222(2)(d) bars review of defendant's sole claim of error.

## JURISDICTION

Defendant invokes ORS 138.222(7) as the source of our jurisdiction over this appeal. That provision states, in relevant part:

> "(7)   Either the state or the defendant may appeal a judgment of conviction based on the sentence for a felony committed on or after November 1, 1989, to the Court of

Appeals subject to the limitations of chapter 790, Oregon Laws 1989. The defendant may appeal under this subsection only upon showing a colorable claim of error in a proceeding if the appeal is from a proceeding in which:

"(a)   A sentence was entered subsequent to a plea of guilty or no contest;

"(b)   Probation was revoked, the period of probation was extended, a new condition of probation was imposed, an existing condition of probation was modified or a sentence suspension was revoked; or

"(c)   A sentence was entered subsequent to a resentencing ordered by an appellate court or a post-conviction relief court."

The state disputes that ORS 138.222(7) confers jurisdiction and argues that this appeal should be dismissed for lack of jurisdiction. The state advances two arguments as to why that is so. First, the state contends that the judgment in this case does not qualify as a "judgment of conviction *based on the sentence*" because, in the state's view, a probation revocation sanction is not a "sentence" for purposes of ORS 138.222. Second, the state notes that this appeal is from a probation revocation proceeding and that, as a result, ORS 138.222(7) requires that defendant make "a colorable claim of error in [the] proceeding" below in order to pursue this appeal. Foreshadowing its next argument—and somewhat circularly—the state argues that defendant's sole claim of error is not reviewable on appeal by operation of ORS 138.222(2)(d) and that, therefore, defendant has not shown "a colorable claim of error" in the proceeding below.

The state's first argument—that the judgment at issue is not a "judgment of conviction based on the sentence for a felony"—is foreclosed by our recent decisions in *State v. Orcutt*, 280 Or App 439, 443 n 5, 380 P3d 1105 (2016), and *State v. Johnson*, 271 Or App 272, 275, 350 P3d 556 (2015). In *Orcutt*, for example, we rejected an argument identical to the one the state makes here. We explained that, under the Supreme Court's decision in *State v. Lane*, 357 Or 619, 630, 355 P3d 914 (2015), a judgment imposing a probation revocation sanction in a felony case is a "judgment of conviction

based on a sentence" for purposes of ORS 138.222(7), so as to make such a judgment appealable under that provision.

As to the state's second argument, the state does not appear to dispute that, but for the potential impediment to reviewability, defendant's appeal raises a colorable claim of error. That is, the state does not argue that defendant's claim of error is not a "plausible" one, given the facts of the proceeding below and current state of the law. *See State ex rel Dept. of Human Services v. Rardin*, 338 Or 399, 406-08, 110 P3d 580 (2005) (construing the nearly identical "colorable claim of error" standard as used in ORS 419A.200(5)(a)(A) to mean "a claim that a party reasonably may assert under current law and that is plausible given the facts and the current law (or a reasonable extension or modification of current law)").[1] Instead, the state's sole argument is that defendant's claim is not "colorable claim of error" because it is not a reviewable one, regardless of its potential merit. In other words, as we understand the state's argument, the state is contending that, to invoke our jurisdiction under ORS 138.222(7), a defendant must demonstrate not only a plausible claim that an error occurred in the proceeding below, but also that that claim of error, ultimately, is one that is reviewable.

We disagree for two reasons. First, the plain terms of ORS 138.222(7) require a defendant to make a "showing [of] a colorable claim of error in [the] proceeding" from which the appeal arises. That wording suggests that the focus of the required "showing" is on what happened below in the trial court, and not on whether any identified error will be reviewable in this court under applicable rules of reviewability.

Second, when the legislature has intended to require an appellant to make a threshold showing of reviewability,

---

[1] The state has not argued that the legislature intended the phrase "colorable claim of error" in ORS 138.222 to have a different meaning than it does in the other statutes in which it appears. In *Rardin*, the Supreme Court interpreted the phrase to mean "a claim that a party reasonably may assert under current law and that is plausible given the facts and the current law (or a reasonable extension or modification of current law)." 338 Or at 408. We previously have applied the *Rardin* definition of the standard to ORS 138.222(7). *State v. Hikes*, 261 Or App 30, 34, 323 P3d 298, *rev den*, 355 Or 380 (2014).

in addition to a showing of some potentially meritorious claim of error, it has provided a more explicit indication of that intention than it has in ORS 138.222. For example, *former* ORS 144.335(6) (2001), *repealed by* Or Laws 2007, ch 411, § 1, required a person seeking judicial review of a decision of the parole board to make a threshold "showing in [a] motion that a substantial question of law *is presented for review*" to obtain judicial review of the board's decision. (Emphasis added.) Construing the emphasized wording, the Supreme Court concluded that by requiring a showing that a question was "*presented* for review" the legislature intended to require a showing that the question raised not only had potential legal merit but was one that, as a procedural matter, was "capable of adjudication" in the case, in addition to having potential substantive merit. *Atkinson v. Board of Parole*, 341 Or 382, 390, 143 P3d 538 (2006).

ORS 138.222(7), by contrast, does not contain similar wording requiring a defendant to show that a "colorable claim of error in a proceeding" below is in fact "presented" for this court's review; it simply requires a defendant to show a colorable claim of error in the proceeding below. From the omission of such a "presentation" requirement, we infer that the legislature did not intend to require a defendant to demonstrate that the identified claim of error is reviewable in order to invoke the court's appellate jurisdiction under ORS 138.222(7). An appellant need only make a plausible showing that the trial court erred.

Our conclusion, of course, does not mean that an appellant is relieved of the obligation to demonstrate that any claimed error is, in fact, reviewable. An appellant necessarily must do so to obtain review of the merits of any asserted claim of error. It simply means that an appellant need not do so at the outset of an appeal to establish that we have jurisdiction under ORS 138.222(7). For that reason, we reject the state's argument that we lack jurisdiction over this appeal and decline its request to dismiss.[2]

---

[2] In addition to raising that argument in its brief, the state also raised the argument by way of motion to dismiss. By order of the chief judge, that motion was referred to this department. As a result of our rejection of the state's argument, we deny the state's motion to dismiss.

## REVIEWABILITY

Having concluded that we have jurisdiction over this appeal, the next question is whether defendant's claim of error is reviewable. We conclude that it is not. In particular, we conclude, as the state argues, that ORS 138.222(2)(d) precludes our review of defendant's claim that the trial court was not authorized to sentence her to the sentence to which she stipulated upon revocation of her probation.

ORS 138.222(2) states, in relevant part:

"(2)   Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review:

"* * * * *

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record."

By its terms, that provision precludes review of defendant's claim that her probation revocation sentence is unlawful if two conditions are satisfied. First, this must be an appeal from a judgment that qualifies as "a judgment of conviction" under ORS 138.222. Second, defendant's probation revocation sentence must be one "resulting from a stipulated sentencing agreement which the sentencing court approves on the record." Defendant argues that neither condition is satisfied. We conclude otherwise.

As to whether this is an appeal from a "judgment of conviction" within the meaning of ORS 138.222(2), defendant argues that it is not, because it is a probation-revocation judgment. However, in concluding that we have appellate jurisdiction pursuant to ORS 138.222(7), we determined, consistently with *Orcutt* and *Johnson*, that a probation-revocation judgment qualifies as a "judgment of conviction based on [a] sentence for a felony" for purposes of that section of ORS 138.222. The legislature enacted the pertinent wording of ORS 138.222(2) and ORS 138.222(7) at the same time. Or Laws 1989, ch 790, § 21. Under those circumstances, we infer that the phrase "judgment of conviction" in ORS 138.222(7) has the same meaning as the

phrase "judgment of conviction" in ORS 138.222(2). We do so because the Supreme Court has instructed that "[w]hen the legislature uses the identical phrase in related statutory provisions that were enacted as the part of the same law, we interpret the phrase to have the same meaning in both sections." *Tharp v. PSRB*, 338 Or 413, 422, 110 P3d 103 (2005). In other words, if a judgment is a "judgment of conviction" for purposes of ORS 138.222(7), it also is a "judgment of conviction" for purposes of ORS 138.222(2).

The next issue is whether defendant's sentence is one that resulted from "a stipulated sentencing agreement * * * which the sentencing court approves on the record." In arguing that it is not, defendant relies on the Supreme Court's decision in *State v. Kephart*, 320 Or 433, 445, 887 P2d 774 (1994). In particular, defendant points to the *Kephart* court's conclusion that ORS 138.222(2)(d) does not bar review of sentences "unless they [are] 'stipulated sentences' *as illustrated in ORS 135.407*."[3] *Kephart*, 320 Or at 447 (emphasis

---

[3] ORS 135.407 provides:

"In cases arising from felonies committed on or after November 1, 1989:

"(1) Whenever a plea agreement is presented to the sentencing judge, the defendant's criminal history classification, as set forth in the rules of the Oregon Criminal Justice Commission, shall be accurately represented to the trial judge in the plea agreement. If a controversy exists as to whether a prior conviction or juvenile adjudication should be included in the defendant's criminal history, or as to its classification under rules of the Oregon Criminal Justice Commission, the district attorney and the defendant may stipulate to the inclusion, exclusion or classification of the conviction or adjudication as part of the plea agreement subject to approval of the court.

"(2) The district attorney and the defendant may stipulate to the grid block classification within the sentencing guidelines grid established by the rules of the Oregon Criminal Justice Commission that will provide the presumptive sentence range for the offender. The sentencing judge may accept the stipulated classification and impose the presumptive sentence provided in the rules of the Oregon Criminal Justice Commission for that grid block.

"(3) If the district attorney and the defendant stipulate to a grid block classification within the sentencing guidelines grid, and the sentencing judge accepts the stipulated classification but imposes a sentence other than the presumptive sentence provided by rules of the Oregon Criminal Justice Commission, the sentence is a departure sentence and is subject to rules of the Oregon Criminal Justice Commission related to departures.

"(4) The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the Oregon Criminal Justice Commission for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence.

added). Defendant contends that the 80-month sentence to which she stipulated is not one that is "illustrated" by ORS 135.407 because, in her view, it is not authorized by ORS 135.407. It is not authorized, defendant asserts, because ORS 135.407 does not explicitly permit a person to stipulate to a future sentence upon probation revocation and also because ORS 135.407 requires a sentence to comport with the guidelines and, in defendant's view, her stipulated sentence is not permitted by the guidelines.

Defendant's argument, although a plausible reading of *Kephart*, rests on an overly rigid reading of that case, a reading that we previously have rejected. We assume without deciding that defendant is right that her sentence does not comport with—or is not one that is authorized by—ORS 135.407. Nonetheless, under our decision in *State v. Upton*, 132 Or App 579, 583, 889 P2d 376, *rev den*, 320 Or 749 (1995), defendant's stipulation to a future sentence upon probation revocation is, in the words of *Kephart*, a stipulated sentence that is "illustrated in" ORS 135.407.

In *Upton*, we considered whether the defendant's stipulated sentence to life in prison without possibility of parole—a sentence that was not covered by the terms of ORS 135.407—was nonetheless the type of sentence "illustrated in" that statute under *Kephart*. *Upton*, 132 Or App at 583-84. We concluded that it was, reasoning that any stipulated sentence that bears the hallmarks of the stipulated sentences listed in ORS 135.407 is one that is "illustrated in" that statute. *Id.* at 583-84. In particular, we concluded that, when a stipulated sentence is imposed pursuant to an agreement that relates to sentencing and that "it set the specific sentence to be imposed"—and the court, in fact, imposes the sentence contemplated in the agreement—the sentence is one that is "illustrated in" ORS 135.407 under *Kephart*, and for which ORS 138.222(2)(d) bars review. *Id.*; *see Blackledge v. Morrow*, 174 Or App 566, 571, 26 P3d 851, *rev den*, 332 Or 558 (2001) (under *Upton* and *Kephart*, ORS

"(5) The district attorney and the defendant may stipulate to a sentence outside the presumptive sentence range for a stipulated grid block classification. The sentencing judge may accept an agreement for an optional probationary sentence or a departure sentence as provided in rules of the Oregon Criminal Justice Commission."

138.222(2)(d) bars appellate review of a sentence imposed where the parties' agreement sets the specific sentence and the trial court imposes that sentence). In reaching that conclusion, we noted that the legislative history of ORS 138.222(2)(d) indicated, as the plain words of the provision suggest, that the legislature intended to preclude review of any sentence to which the defendant had agreed "'ahead of time.'" 132 Or App at 584 (quoting *Kephart*, 320 Or at 445). We further deemed it "inconceivable," in view of that history, that the legislature intended to allow review of a stipulated sentence, where the defendant agreed upon the specific sentence, and the trial court imposed that specific sentence, simply because the agreed-upon sentence was not expressly contemplated by ORS 135.407. *Id.*

Here, defendant's stipulated sentence has the *Upton* hallmarks of a sentence "illustrated in" ORS 135.407. It was imposed pursuant to agreement, it is a specific sentence, and the trial court imposed that agreed-upon specific sentence. Therefore, under *Upton*, defendant's stipulated sentence is one that is "illustrated in" ORS 135.407 and, thus, ORS 138.222(2)(d) bars our review of defendant's claim that that agreed-upon sentence is unlawful. Accordingly, because defendant's sole claim of error is not reviewable, we affirm the judgment of the trial court.

Motion to dismiss denied; affirmed.