Submitted February 9, affirmed November 30, 2016, petition for review denied March 23, 2017 (361 Or 240)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**PETER JON POBOR,**
*Defendant-Appellant.*

Washington County Circuit Court
C132348CR; A157595

385 P3d 1118

Peter Gartlan, Chief Defender, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## DEHOOG, J.

Defendant appeals a judgment revoking his probationary sentence and imposing a 70-month prison term—the exact consequence that defendant had previously stipulated to—as a sanction for his probation violation. Despite having stipulated to that sanction, defendant asserts that the trial court erred in imposing a Measure 11-based probation sanction and argues that the court was limited to a sanction based on the felony sentencing guidelines. The state responds that we lack jurisdiction to consider defendant's appeal under ORS 138.222(7)(b), which requires defendants to show "colorable" claims of error in appeals from certain sentencing procedures, and that ORS 138.222(2)(d) bars review of a "sentence resulting from a stipulated sentencing agreement." The state further argues that, even if defendant's assignment of error is appealable and reviewable, it is unpreserved and is not plain error. Relying on our recent decision in *State v. Silsby*, 282 Or App 104, 105, 386 P3d 172 (2016), we conclude that, although defendant's assignment of error is appealable, it is unreviewable. Accordingly, we affirm.

The relevant facts in this case are straightforward and undisputed. Defendant pleaded guilty to two counts of assault in the second degree, a Measure 11 offense.[1] In the judgment of conviction, the trial court noted that defendant's offenses were classified as level 9-H convictions in the felony sentencing guidelines and that they were presumptively subject to increased mandatory minimum sentences under Measure 11. The court, however, entered a "downward dispositional departure from defendant's ORS 137.700 [Measure 11] presumptive sentence of 70 months prison, based upon the stipulation of the parties" and imposed a probationary sentence of five years. The judgment of conviction reflected the parties' stipulation that, "upon finding of

---

[1] Measure 11, codified at ORS 137.700, mandates minimum prison terms for certain felonies. For assault in the second degree, Measure 11 mandates a prison term of 70 months. ORS 137.700(2)(a)(G). However, ORS 137.712(1)(a) permits the trial court to impose a sentence that is less than the minimum sentence otherwise required by Measure 11 for assault in the second degree in certain, limited circumstances.

a non-monetary breach of probation, defendant's probation shall be revoked and he shall be sentenced to * * * a period of 70 months [incarceration] pursuant to ORS 137.700 [Measure 11]."

The trial court subsequently found that defendant had violated a nonmonetary condition of his probation and, accordingly, revoked probation. As a sanction for defendant's probation violation, the state asked the court to impose 70 months' incarceration, as contemplated by the parties' earlier stipulation and the judgment of conviction. Defendant did not argue that a 70-month sanction was legally impermissible, but, nonetheless, asked the court to impose a lesser sanction. The court rejected defendant's request and imposed a 70-month term.

Defendant now appeals and raises the unpreserved argument that the trial court erred in sanctioning him based on his stipulation and in reliance on Measure 11. Defendant does not dispute that he was subject to Measure 11 at the time of his original sentencing. However, because the trial court granted him a departure sentence of probation under ORS 137.712(1)(a), he argues that ORS 137.545(5)(b)[2] authorized a revocation sanction of no more than the maximum presumptive prison term set forth in the applicable sentencing guidelines grid block.[3]

We first consider the state's argument that defendant's probation sanction is not appealable. *See State v.*

---

[2] ORS 137.545(5)(b) provides, "For defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and impose a sanction as provided by rules of the Oregon Criminal Justice Commission."

[3] The Oregon Felony Sentencing Guidelines, drafted by the Oregon Criminal Justice Commission and adopted by the legislature, establish presumptive sentences for felonies, subject to deviation in appropriate cases. Or Laws 1987, ch 619, §§ 3-4 (legislative authorization of Oregon Criminal Justice Commission to draft sentencing guidelines); Or Laws 1989, ch 790, § 87 (legislative approval of guidelines); OAR 213-004-0001 (describing sentencing guidelines grid); OAR ch 213, App 1 (setting out grid); *see State v. Orcutt*, 280 Or App 439, 444, 380 P3d 1105 (2016) (noting, in context of probation revocation proceeding involving repeat property offender statute, that, "[b]ecause they are designated as such by statute, sentences provided in ORS 137.717 are 'presumptive prison sentence[s]' for purposes of OAR 213-010-0002(2)").

*Stubbs*, 193 Or App 595, 598-99, 91 P3d 774, *rev den*, 337 Or 669 (2004) (a court must address appealability before turning to the question of reviewability); *State v. Bowman*, 160 Or App 8, 16, 980 P2d 164 (1999), *rev den*, 333 Or 655 (2002) (appealability is a preliminary question and implicates jurisdictional concerns). The state argues that defendant cannot appeal his probation sanction under ORS 138.222(7)(b) (requiring a "colorable" claim of error), because ORS 138.222(2)(d) renders defendant's assignment of error unreviewable. In other words, the state argues that a claim of error that cannot be reviewed cannot be "colorable," because it has no chance of succeeding on its merits. Our recent decision in *Silsby*, however, forecloses that argument, and we therefore reject it without further discussion. 282 Or App at 105; *see id.* at 109 (claim that the sentence that the trial court imposed exceeded the court's authority under the sentencing guidelines raised a "plausible showing that the trial court erred").

Having rejected the state's argument that we lack jurisdiction over defendant's appeal, we turn next to the question of whether defendant's assignment of error is reviewable. *See id.* at 107-10 (considering reviewability as an inquiry distinct from appealability upon concluding that the court had jurisdiction); *Bowman*, 160 Or App at 16 (reviewability, in contrast to the jurisdictional question of appealability, "concerns what rulings or issues can be raised on appeal"). The state argues that, because defendant stipulated to the sanction imposed, ORS 138.222(2)(d) renders that sanction unreviewable. By its terms, that statute bars review, on appeal from "a judgment of conviction," of "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record." Defendant contends that, for two reasons, ORS 138.222(2)(d) does not apply to his appeal and, therefore, does not render his sanction unreviewable. First, defendant argues that a judgment revoking probation is not a judgment of conviction that is subject to the restrictions of ORS 138.222(2)(d). Second, relying on *State v. Kephart*, 320 Or 433, 447, 887 P2d 774 (1994), defendant argues that ORS 138.222(2)(d) precludes review only of stipulations of the type contemplated by

ORS 135.407,[4] a provision that has no bearing on this case.

Again, our decision in *Silsby* is dispositive. *See* 282 Or App at 110-13. In *Silsby*, we rejected identical arguments by the defendant and agreed with the state that ORS 138.222(2)(d) precluded our review of the defendant's claim that the trial court was not authorized to impose the revocation sanction that the defendant had stipulated to in her judgment of conviction. 282 Or App at 110-13. For the reasons articulated in that case, we likewise agree with the state here that we may not review the sanction that defendant stipulated to and that the trial court imposed. *See id.* Accordingly, we affirm.

Affirmed.

---

[4] ORS 135.407 describes several ways in which the state and a defendant may stipulate to a sentence. For example, under that provision, the parties may stipulate to a specific grid block classification within the sentencing guidelines, ORS 135.407(2), a specific sentence within the presumptive range for the stipulated offender classification, ORS 135.407(4), or a sentence outside the presumptive sentence range for a stipulated grid block classification, ORS 135.407(5). *See generally Kephart*, 320 Or at 441-42 (describing the operation of ORS 135.407).