## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STORM ANTHONY BROCKWAY,
*Defendant-Appellant.*

Washington County Circuit Court
C142615CR; A159629

391 P3d 980

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**PER CURIAM**

This appeal arises from a judgment revoking defendant's probation, sentencing him to 18 months' incarceration and imposing $200 in court-appointed attorney fees. Defendant pleaded guilty to failing to register as a sex offender. Under the terms of the plea agreement, defendant received a dispositional downward departure sentence of probation but stipulated that, if he violated any nonfinancial condition of probation, the trial court would revoke probation and sentence defendant to 18 months' incarceration. Defendant later violated his probation and, consistent with his stipulation, the trial court revoked probation and sentenced him to 18 months' incarceration. On appeal, defendant raises two assignments of error, contending that (1) the trial court erred by imposing 18 months' incarceration and (2) the trial court committed plain error by imposing attorney fees in the absence of evidence that he "is or may be able to pay" the fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); *see also* ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them.").

Defendant's first assignment of error is unreviewable under ORS 138.222(2)(d) for the reasons expressed in *State v. Silsby*, 282 Or App 104, 110-13, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017) (ORS 138.222(2)(d) precludes review of term of incarceration imposed pursuant to a stipulated probation-revocation sanction).

As for the court-appointed attorney fee award, the state concedes that, although $200 is "relatively *de minimis*," the trial court plainly erred by imposing the attorney fees. We accept the state's concession that the trial court plainly erred in imposing attorney fees of $200 on this record. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees ordered). Further, we conclude that, for reasons similar to those expressed in *State v. Ramirez-Hernandez*, 264 Or App 346, 349, 332 P3d

338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was substantial in light of the defendant's circumstances), it is appropriate to exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.