Submitted February 23, 2016, affirmed May 10, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL ANDREW SUITTER,
*Defendant-Appellant.*

Baker County Circuit Court
13843; A157213

395 P3d 68

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals a judgment revoking his probation and imposing a 24-month term of imprisonment with no eligibility for early release programs. Defendant pleaded guilty to felony driving while revoked, ORS 811.182. As part of the plea agreement, the parties stipulated—and the court ordered—that defendant would receive three years' probation in lieu of the presumptive 24-month prison sentence; however, if probation was revoked, defendant would serve the full 24-month sentence with "no good time or credit for time served." The judgment reflects the parties' stipulation. Subsequently, the trial court found that defendant had violated his probation, revoked it, and imposed the sentence to which the parties had stipulated. On appeal, defendant argues that the trial court erred by denying him eligibility for early release programs without making the requisite findings, on the record, at defendant's probation-revocation hearing. *See* ORS 137.750(1) (providing that the court shall order that a defendant be considered for early release programs "unless the court finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for" such programs). Defendant concedes that he failed to preserve that argument but asks that we review it as plain error.

Even if we found it appropriate to exercise our discretion to correct defendant's unpreserved error, in light of our decision in *State v. Silsby*, 282 Or App 104, 110-13, 386 P3d 172 (2016), *rev den*, 360 Or 752 (2017), we conclude that defendant's claim of error is not reviewable. *See* ORS 138.222(2)(d) ("[O]n appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court may not review * * * [a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record."); *Silsby*, 282 Or App at 110-13 (holding that ORS 138.222(2)(d) precluded review of the defendant's claim that her stipulated sentence was unlawful where the sentence was imposed pursuant to agreement, was a specific sentence, and the trial court imposed the agreed-upon sentence following revocation of the defendant's probation).

Affirmed.