PER CURIAM
*820 This appeal arises from a judgment revoking defendant's probation, sentencing him to jail time, and imposing $215 in court-appointed attorney fees. On appeal, defendant asserts that the trial court erred by imposing attorney fees in the absence of evidence that he "is or may be able to pay" the fees. See ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); see also ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."). The state concedes that the trial court plainly erred by imposing the attorney fees when the record is silent as to defendant's ability to pay them. We agree, and accept the state's concession. See State v. Coverstone , 260 Or.App. 714, 716, 320 P.3d 670 (2014) (a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay those fees). Furthermore, for the same reasons expressed in State v. Hunt , 271 Or.App. 347, 353, 350 P.3d 521 (2015), we conclude that it is appropriate to exercise our discretion to correct the error. In particular, we conclude that the gravity of the error weighs in favor of correcting it. See State v. Brockway , 283 Or.App. 726, 391 P.3d 980, rev. den. , 361 Or. 524, 395 P.3d 879 (2017) (exercising discretion to correct erroneous imposition of $200 in court-appointed attorney fees).
Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.