Submitted August 16, 2019, affirmed January 23, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLLE SHERRE KEYES,
aka Nicholle Sheree Keys,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR66477; A166980

459 P3d 935

Defendant initially received a downward dispositional departure sentence of probation for her conviction of first-degree theft. After defendant was sentenced to probation, ORS 137.717 (2015) was amended to reduce the presumptive prison sentence for first-degree theft. Those amendments apply to "sentences imposed on or after January 1, 2018." Defendant now appeals from a January 12, 2018, judgment revoking her probation and imposing a 26-month prison sentence pursuant to ORS 137.717 (2015). Defendant argues that the reduced sentence of the 2017 amendments applied to defendant's revocation sanction because it was a "sentence[] imposed" within the meaning of the 2017 amendments. Defendant argues that *State v. Orcutt*, 280 Or App 439, 444, 380 P3d 1105 (2016), *rev den*, 361 Or 525 (2017), in which the Court of Appeals rejected a similar argument, is not controlling. *Held*: The trial court did not err in calculating the prison term imposed based on ORS 137.717 (2015). Defendant has not pointed to anything in the 2017 amendments to ORS 137.717 that reflects either an explicit or implicit legislative intent to give the phrase "sentences imposed," as used in the 2017 amendments, a different meaning than how the court construed that phrase, as used in the 2013 amendments, in *Orcutt*.

Affirmed.

David F. Rees, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant challenges the judgment revoking her probation, arguing that the trial court erred in sentencing defendant to a prison term of 26 months based on the version of ORS 137.717 that was in effect at the time she was originally sentenced and not the version in effect at the time that her probation was revoked. On review for errors of law, *State v. Thompson*, 257 Or App 336, 339, 306 P3d 731, *rev den*, 354 Or 390 (2013), we affirm.

The following facts are procedural and undisputed. On January 3, 2017, defendant was convicted of first-degree theft. Pursuant to ORS 137.717 (2015), *amended by* Or Laws 2017, chapter 673, sections 5 to 6, defendant's statutory presumptive sentence was 26 months of prison. *See* ORS 137.717(1)(b) - (3)(a) (2015) (stating that the presumptive sentence for first-degree theft is 18 months in prison if a defendant has certain qualifying convictions and that the total sentence can be increased by two months for each additional qualifying conviction). The trial court, however, imposed a downward dispositional departure from imprisonment to 36 months of probation. After that judgment was entered, the legislature enacted House Bill (HB) 3078 (2017), which amended ORS 137.717 (2015) and reduced the presumptive sentence for first-degree theft. Or Laws 2017, ch 673, § 5. Those changes took effect on January 1, 2018. Or Laws 2017, ch 673, § 12. On January 12, 2018, the trial court revoked defendant's probation and sentenced defendant to a probation sanction of 26 months in prison based on ORS 137.717 (2015).

On appeal, defendant argues that the 2017 amendments to ORS 137.717 applied to defendant's revocation sentence and that the trial court erred in calculating defendant's sentence using ORS 137.717 (2015). Defendant acknowledges that, pursuant to the Oregon Administrative Rules, the available sentence following a felony probation revocation is ordinarily determined by the available sentence on the date of the original sentencing. *See* ORS 137.545(5)(b) (allowing courts to revoke probation for defendants sentenced for felonies and impose a sanction as provided by the rules of the Oregon Criminal Justice Commission);

OAR 213-010-0002(2) (allowing courts to impose a proba-
tion revocation sanction on downward dispositional depar-
tures "up to the maximum presumptive prison term which
could have been imposed initially"); OAR 213-003-0001(16)
(defining presumptive prison sentence); *State v. Orcutt*, 280
Or App 439, 444, 380 P3d 1105 (2016), *rev den*, 361 Or 525
(2017) (concluding that sentences imposed pursuant to ORS
137.717 are "'presumptive prison sentences' for purposes of
OAR 213-010-0002(2)"). However, in this case, defendant
argues that the 2017 amendments control the prison term
of her probation revocation sanction. To support that argu-
ment, defendant points to section 13(2) of HB 3078, which
states that the amendments to ORS 137.717 "apply to sen-
tences imposed on or after January 1, 2018," implicitly argu-
ing that a "sentence[] imposed" within the meaning of HB
3078 includes probation revocation sanctions. We disagree.

     In determining whether the legislature intended
the phrase "sentences imposed" to include probation revo-
cation sanctions, we look to the statute's text, context, and,
if helpful, the legislative history. *State v. Gaines*, 346 Or
160, 171-72, 206 P3d 1042 (2009). Our analysis of the con-
text includes prior opinions interpreting the same statutory
wording. *Wal-Mart Stores, Inc. v. City of Central Point*, 341
Or 393, 397, 144 P3d 914 (2006).

     In interpreting the phrase "sentences imposed,"
*Orcutt* is instructive. In *Orcutt*, the defendant was convicted
of identity theft, and her presumptive sentence under the
version of ORS 137.717 in effect at the time of her conviction
was 34 months in prison.[1] 280 Or App at 441. However, the
trial court sentenced her to a downward departure to proba-
tion. *Id*. Following the judgment of conviction, the legislature
amended the applicable version of ORS 137.717 to decrease
the presumptive sentence for identity theft. Or Laws 2013,
ch 649, § 5. The 2013 legislation specified that the amend-
ments to ORS 137.717(1) apply to "sentences imposed on or

---

[1] In 2009, the legislature amended ORS 137.717. Or Laws 2009, ch 660, §§ 8,
11. Those amendments applied to sentences imposed on or after February 15,
2010, and for crimes committed on or after January 1, 2009, and before January 1,
2012. *Id*. at § 49(4). Because *Orcutt* involved a crime that was committed after the
applicability dates of the 2009 amendments, the preamendment version of ORS
137.717 applied.

after August 1, 2013." Or Laws 2013, ch 649, § 6. After the amendments went into effect, the defendant's probation was revoked and she was sentenced to 34 months of prison. *Orcutt*, 280 Or App at 441-43. The defendant argued that the phrase "sentences imposed" in the amended version of the statute included probation revocation sanctions and, thus, the court erred in not imposing the reduced presumptive prison sentence based on the amended version of ORS 137.717. *Id.* at 445.

In rejecting that argument, we looked at the statute's text in context and construed the phrase "sentences imposed" in the context of ORS 137.717 as a whole. We reasoned that the considerations in determining a person's sentence under ORS 137.717 are different than the considerations in determining a probation revocation sanction under OAR 213-010-0002(2), which governs the term of imprisonment for a felony probation revocation sanction. *Id.* at 445-47. Thus, we concluded, "it is plain that a 'sentence[] imposed' is a sentence imposed according to the rules set out in amended ORS 137.717" and not as a result of a probation revocation sanction. *Id.* at 446 (brackets in *Orcutt*). That is, a "'sentence[] imposed' under 137.717 is a sentence *initially imposed upon conviction*," and not a sentence imposed at the time the probation is revoked. *Id.* at 446 (emphasis and brackets in *Orcutt*).

We found additional support in section 6(2) of the enacted bill for our conclusion that a "sentence[] imposed" is a sentence imposed at the time of conviction. Section 6(2) provided that the amendments "do not apply to persons who were originally sentenced before August 1, 2013, and who are subsequently resentenced on or after August 1, 2013, as the result of an appellate decision or a post-conviction relief proceeding or for any other reason." Or Laws 2013, ch 649, § 6(2). Section 6(2), we explained, "reinforces the conclusion that section 6(1) applies only to the 'sentences imposed' initially at the time of conviction." *Orcutt*, 280 Or App at 447.

Defendant has not pointed to anything in the 2017 amendments to ORS 137.717 that reflects either an explicit or implicit legislative intent to give the phrase "sentences imposed" as used in the 2017 amendments a different

meaning than how we construed that phrase in the 2013 amendments in *Orcutt*, and we see no reason to construe it differently. *See Wal-Mart Stores, Inc.*, 341 Or at 399 ("[A] presumption exists that amendatory acts do not change the meaning of preexisting language further than is expressly declared or necessarily implied." (Internal quotation marks omitted.)). To begin, the legislature used language in the effective date provision of the 2017 amendments that is identical to that used in the effective date provision of the 2013 amendments. *See* Or Laws 2017, ch 673, § 13(2) ("The amendments to ORS 137.717 * * * by sections 4 and 5 of this 2017 Act apply to sentences imposed on or after January 1, 2018."); Or Laws 2013, ch 649, § 6(1) ("The amendments to ORS 137.717 by section 5 of this 2013 Act apply to sentences imposed on or after August 1, 2013."). The legislature's use of the same phrase in the 2017 amendments as that used in the 2013 amendments, in light of *Orcutt*, is strong evidence that the legislature did not intend to give that phrase a different meaning. *See Mastriano v. Board of Parole*, 342 Or 684, 693, 159 P3d 1151 (2007) ("[W]e generally presume that the legislature enacts statutes in light of existing judicial decisions that have a direct bearing on those statutes."). Thus, we construe the phrase as we did in *Orcutt* and decline defendant's invitation to broaden the phrase "sentences imposed" to include probation revocation sanctions.

Defendant points to one aspect of the 2017 amendments that, she contends, reflects a different legislative intent from that of the 2013 amendments. Defendant notes that, unlike the 2013 amendments, whose applicability was limited by excluding persons who were originally sentenced before the amendments went into effect and who were later resentenced as a result of appellate review or post-conviction proceedings, Or Laws 2013, ch 649, § 6(2), the 2017 amendments contain no such limitation. Defendant contends that this difference "reveals a different legislative intent—namely, an intent that the 2017 amendments in HB 3078 apply more broadly than the 2013 amendments in [House Bill (HB) 3194.]" Further, defendant argues, because *Orcutt* relied on section 6(2) of HB 3194 in concluding that the legislature did not intend the term "sentences imposed"

to include terms of incarceration imposed on a revocation of probation, *Orcutt*'s interpretation of that phrase is not controlling because HB 3078 does not include that same limitation.[2]

We reject defendant's argument that the post-*Orcutt* amendments express a legislative intent that the phrase "sentences imposed" means something different from our prior interpretation in *Orcutt*. First, defendant gives too much weight to our reliance on section 6(2) in that decision. Section 6(2) simply provided support for what we had already concluded after considering the text and construing the phrase "sentences imposed" in the context of ORS 137.717, an analysis that applies with equal force here. Second, even if the legislature did intend to broaden the applicability of the 2017 amendments by applying the amendments to persons who are resentenced after appellate review and post-conviction relief proceedings—an issue that is not before us and that we do not decide—that difference does not, either explicitly or implicitly, reflect a legislative intent to change *Orcutt*'s interpretation of "sentences imposed" to include probation revocation sanctions, which is entirely distinct from a resentencing.

Therefore, OAR 213-010-0002(2) controlled the prison term that the court was authorized to impose, and the trial court did not err in imposing 26 months of prison as a probation revocation sanction based on defendant's presumptive sentence at the time that she was originally sentenced.

Affirmed.

---

[2] In comparing the changes to the 2013 bill and the 2017 bill, defendant references the emergency clause in the 2017 bill. *See* HB 3078, § 15 (stating that "an emergency is declared to exist, and this 2017 Act takes effect on its passage"). However, defendant does not explain how the emergency clause supports her argument and we, therefore, reject it without discussion.